# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* WILLIAMS, Minors.

UNPUBLISHED
December 15, 2016

No. 332632 & 332633
Wayne Circuit Court
Family Division
LC No. 04-437433-NA

Before: SAAD, P.J., and METER and MURRAY, JJ.

PER CURIAM.

In this consolidated appeal,[1] respondent-mother and respondent-father appeal as of right from the trial court's order terminating their parental rights to their two children, MDW and CTW, pursuant to MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication still exist), MCL 712A.19b(3)(c)(*ii*) (other conditions still exist), MCL 712A.19b(3)(g) (failure to provide proper care or custody), and MCL 712A.19b(3)(j) (reasonable likelihood of harm). In addition, respondent-mother's rights were also terminated pursuant to MCL 712A.19b(3)(*i*) (rights to a sibling were terminated) and MCL 712A.19b(3)(*l*) (rights to another child were terminated). We affirm.

Respondent-mother contends that the trial court erred by failing to ensure that the Department of Health and Human Services (DHHS) made reasonable efforts to accommodate her mental disability as required by the Americans with Disabilities Act (ADA), 42 USC 12010 *et seq*.

"[I]ssues that are raised, addressed, and decided by the trial court are preserved for appeal." *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014). If a parent believes a public agency is unreasonably refusing to accommodate a disability, "the parent should claim a violation of her rights under the ADA, either when a service plan is adopted or soon afterward." *In re Terry*, 240 Mich App 14, 26; 610 NW2d 563 (2000). Here, while respondent-mother's attorney did state "I think we may need a GAL," and noted that respondent-mother had "some limitations and some mental health recognizance," neither respondent-mother's attorney nor respondent-mother nor her appointed L-GAL argued at any point that respondent-mother's rights

---

[1] *In re Williams*, unpublished order of the Court of Appeals, entered May 4, 2016 (Docket Nos. 332632, 332633).

-1-

under the ADA were being violated. Thus, the issue is unpreserved. *In re Hudson*, 294 Mich App 261, 264; 817 NW 2d 115 (2011) (where respondent pleaded no contest to the allegations in the petition at a termination hearing and she claimed no irregularity in her plea on appeal, her argument that the evidence to support termination was not clear and convincing is waived).

We review unpreserved issues for plain error affecting substantial rights. *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

A parent may not raise violations of the ADA as a defense to termination of parental rights proceedings. *In re Terry*, 240 Mich App at 25. However, the ADA does require that public agencies "make reasonable accommodations for those individuals with disabilities so that all persons may receive the benefits of public programs and services." *Id.* at 25. Thus, reunification services and programs in termination of parental rights proceedings must comply with the ADA. *Id.* In other words, for the efforts made by the DHHS "to rectify the conditions that caused [a] child's removal from his or her home" to be adjudged reasonable, MCL 712A.18f(4), the DHHS must consider and account for, as best possible, the limitations of the parent-respondent. And where the DHHS "fails to take into account the parents' limitations or disabilities and make any reasonable accommodations, then it cannot be found that reasonable efforts were made to reunite the family." *In re Terry*, 240 Mich App at 26.

Here, the record shows that the DHHS reasonably accommodated respondent-mother's disability. At the initial pretrial hearing on April 9, 2014, the court appointed a L-GAL for respondent-mother because it was concerned she had an impairment and the court wanted to make sure she understood "exactly what's going on." And when the court ordered respondent-mother to only visit MDW when the visit was supervised, it engaged in a dialogue with her to ensure that she understood.

At numerous dispositional hearings occurring throughout 2014 and 2015, protective service workers, an L-GAL, the attrorneys and the court all recognized respondent-mother's potential barriers, and ensured that she understood the services required and that she receive special services when available. In particular, the court modified her treatment plan to include Neighborhood Service Organization (NSO) services which would provide specialized "behavioral based parenting classes" because respondent-mother "won't be able to understand regular parenting classes."

The record contains ample evidence that respondent-mother was provided with extensive services and accommodations. The court was aware of her intellectual limitations, appointed a L-GAL for her, ordered specialized services for her, and directed various caseworkers to tailor their services to account for her intellectual limitations. The evidence shows that caseworkers abided by these instructions. In sum, as the court found, the DHHS made reasonable efforts to accommodate respondent-mother's disability and thus made reasonable efforts to reunify the family.

Respondent-mother next argues that the trial court erred in determining that MCL 712A.19b(3)(g), (*i*), (j), and (*l*) were established by clear and convincing evidence. However, she stipulated that statutory grounds existed as to CTW under MCL 712A.19b(3)(c)(*ii*), (g), (*i*), (j), and (*l*), and statutory grounds existed as to MDW under MCL 712A.19b(3) (c)(*i*), (c)(*ii*), (g), (*i*), (j), and (*l*) (Tr II, 16). Therefore, the issue is waived.[2]

Both respondents argue that the trial court erred when it determined that termination of their respective parental rights was in the best interests of their minor children. An appellate court "review[s] for clear error . . . the court's decision regarding the child's best interest." *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993).

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). A trial court must find by a preponderance of evidence that termination is in a child's best interests. *In re Moss*, 301 Mich App 76, 89; 836 NW2d 182 (2013). Factors to consider include the child's bond to the parent; the parenting ability of the respondent; the child's need for permanency, stability, and finality; and a comparison between the parent's home and the child's foster home. *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012). The trial court can also consider "the length of time the child was in care, the likelihood that 'the child could be returned to her parents' home within the foreseeable future, if at all,' and compliance with the case service plan." *In re Payne/Pumphrey/Fortson*, 311 Mich App 49, 64; 874 NW2d 205 (2015), quoting *In re Frey*, 297 Mich App 242, 248-249; 824 NW2d 569 (2012). In addition, the court may consider "the child[ ]'s well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014).

Record evidence supported the trial court's finding that termination was in the children's best interests. Testimony supported the findings that there was not a bond between respondents and the children, particularly MDW, and that although MDW was deaf and had mild cerebral palsy, neither parent had learned sign language; nor had they consistently attended doctor appointments or even asked about doctor appointments. Additionally, evidence showed that both parents had had a parent-agency agreement since June of 2014, yet neither had completed it. Parenting time sessions also did not go well, with MDW often seeking comfort-or attention-from others.

Given the evidence of record, the court did not clearly error in finding that termination of respondents' parental rights was in the children's best interests.

---

[2] Respondent-mother argues termination was improper because subsection (*l*) violates the Due Process Clause of the Fourteenth Amendment, as discussed in *In re Gach*, ___ Mich App ___; ___ NW2d ___ (2016) (Docket No. 328714). Because respondent-mother stipulated to grounds in addition to subsection (*l*), we do not need to address that issue.

Affirmed.

/s/ Henry William Saad
/s/ Patrick M. Meter
/s/ Christopher M. Murray